## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00932-RBJ-NYW

JECKONIAS N. MURAGARA,

    Plaintiff,

v.

ACCOUNTEMPS, A ROBERT HALF COMPANY,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
### REGARDING DEFENDANT'S MOTION TO DISMISS

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Robert Half International Inc.'s ("Robert Half" or "Defendant") Motion to Dismiss. [#11, filed July 3, 2015].[1] The Motion was referred to the undersigned Magistrate Judge pursuant to the Order of Reference [#26] and memorandum [#27] dated August 17, 2015. After carefully considering the Motion and related briefing, the entire case file, and the applicable case law, I respectfully RECOMMEND that the Motion to Dismiss be GRANTED.

### BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff Jeckonias N. Muragara ("Plaintiff" or "Mr. Muragara") initiated this lawsuit by filing a Complaint *pro se* on May 1, 2015, asserting: (1) a claim for discrimination based on his color and/or race and national origin as well as retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"); (2) breach of contract; and (3)

---

[1] Defendant states it was erroneously sued as "Accountemps," which is the name of a Robert Half specialized division and not a separate legal entity. [#11 at 1 n.1].

quantum meriut. [#1]. The Complaint seeks compensatory damages and punitive damages in excess of $85,000, and reinstatement as an administrative assistant. [*Id.* at 7]. This court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

The following facts are drawn from the Complaint, and are taken as true for the purposes of considering the instant motion. On or about June 24, 2014, Plaintiff was discharged from his job as a Compliance Agent "in retaliation for having filed a lawsuit for discrimination against the client company (Moneygram International) in or about 2000."[2]  [#1 at 8]. Plaintiff believes he was discriminated against "based on [his] race and color, Black, and [his] national origin (Democratic Republic of The Congo)," and retaliated against for having filed a lawsuit against Moneygram International. [*Id.*] Plaintiff alleges that Accountemps subsequently offered him "a contract of employment" with Moneygram International, to extend from June 2014 through February 2015. [*Id.*] Plaintiff "began working and training for the job on or about June 16, 2014." [*Id.*] He was terminated on June 24, 204, "without explanation." [*Id.*] Robert Half "convinced Plaintiff that he was a qualified candidate and that the MoneyGram International was ready to use Plaintiff's French skills and that Accountemps [had] already conferred with the

---

[2] Plaintiff initiated a Title VII action for unlawful discrimination against "Moneygram Travelers Express" in 2001. *See Muragara v. Moneygram Travelers Express*, Civil Action No. 01-cv-000980-WDM-BNB. Since 2001, Mr. Muragara has appeared as Plaintiff in five other employment discrimination actions. *See Muragara v. Rumsfeld*, Civil Action No. 01-cv-00522-WDM-CBS (dismissing action for failure to state a claim); *Muragara v. Health One*, Civil Action No. 02-cv-00217-WDM-OES (dismissing claims with prejudice); *Muragara v. Metro Taxi, Inc.*, Civil Action No. 04-cv-00297-REB-BNB (granting defendant's motion to dismiss or for summary judgment); *Muragara v. Prime Source*, Civil Action No. 06-cv-00655-WYD-MEH (granting motion to dismiss without prejudice); and *Muragara v. Mackenzie Place*, Civil Action No. 12-cv-00891-MSK-BNB (granting judgment in favor of defendant). The court may take judicial notice of other cases filed in this court. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979) (court may take judicial notice of filings in related cases).

MoneyGram about using Plaintiff's skills." [#1 at 4]. Plaintiff filed discrimination and retaliation charges with the Equal Employment Opportunity Commission ("EEOC") on August 27, 2014 and received a Notice of Right to Sue on February 17, 2015. [#1 at 2, 9].

Robert Half filed a Motion to Dismiss on July 3, 2015 [#11], to which Plaintiff responded on July 22, 2015. [#13]. Robert Half filed a Reply on August 6, 2015 [#14], and Plaintiff filed a Sur-Reply on August 10, 2015 [#15].[3] On August 12, 2015, the undersigned Magistrate Judge presided over a Status Conference at which Plaintiff represented that while Moneygram, International was listed on the Summons, he has not served that company in this lawsuit, he is proceeding only on the breach of contract claim as to Accountemps, and the Title VII claims are directed at the unserved Moneygram International. [*See* #23; *see also* #1-1]. The instant Motion is ripe and ready for disposition, and oral argument would not materially assist the court in its resolution.

## STANDARD OF REVIEW

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of

---

[3] Immediately after initiating this lawsuit, Plaintiff filed another Complaint in this District for job discrimination naming Moneygram Payment System International as the sole Defendant. *See Muragara v. Moneygram Payment System Int'l*, Civil Action No. 15-cv-00939-MEH. While the Complaint contains allegations involving MoneyGram, *see* [#1 at ¶ 2], Mr. Muragara does not name MoneyGram as a defendant in this action. It is unclear whether these two actions are related.

the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Mr. Muragara is proceeding *pro se*. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a court may not assume that a plaintiff can prove facts that he has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[Court's] role is not to act as [*pro se* litigant's] advocate"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues") (internal citation omitted). The court cannot be a *pro se* litigant's advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## ANALYSIS

### I.     Title VII Discrimination

At the August 12, 2014 Status Conference, Plaintiff unequivocally clarified that he did not intend to assert a claim for discrimination under Title VII of the Civil Rights Act against Robert Half.  However, in light of the fact that Plaintiff has not sought to amend his Complaint, and he identifies Title VII as a basis for his Complaint [¶ 6], this court addresses the claim briefly.  Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1)).  A plaintiff proves a Title VII violation either by direct evidence of discrimination or by circumstantial evidence in following the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  *See Crowe v. ADT Sec. Servs. Inc.,* 649 F.3d 1189, 1194 (10th Cir. 2011).  "Direct evidence demonstrates on its face that the employment decision was reached for discriminatory reasons." *Riggs v. AirTran Airways, Inc.,* 497 F.3d 1108, 1117 (10th Cir. 2007) (brackets omitted) (internal quotation marks omitted).  In using circumstantial evidence under *McDonnell Douglas*, the plaintiff must first set forth a *prima facie* case of discrimination, which requires that he establish (1) he is a member of a protected class, (2) he applied for an available position for which he was qualified, and (3) he was rejected under circumstances which give rise to an inference of unlawful discrimination. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 (10th Cir. 2013) (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981)).  Although Plaintiff does not have to establish a *prima facie* case of discrimination in his Complaint to survive a motion to dismiss, the court nonetheless looks to "the elements of each alleged cause of action to help determine whether Plaintiff has set forth a

plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir. 2012). A *prima facie* case of discrimination under Title VII requires proof that the defendant was the plaintiff's employer. 42 U.S.C. § 2000e–2(a); *Knitter v. Corvias Military Living, LLC,* 758 F.3d 1214, 1225 (10th Cir. 2014) ("If a plaintiff cannot meet her burden to prove the defendant was her employer, her wage discrimination and retaliatory termination claims necessarily fail.").

Mr. Muragara claims he was terminated from his employment with Moneygram International because of his race, color, and national origin. Robert Half argues it cannot be held liable for employment discrimination because it is not responsible for terminating Plaintiff's employment. Indeed, Plaintiff does not allege that he was employed by Robert Half, that Robert Half was responsible for discharging him, or that Robert Half discriminated against him. [#1]. He merely alleges that Robert Half "convinced [him] that he was a qualified candidate and that the MoneyGram International was ready to use Plaintiff's French skills" and that Accountemps had spoken with Moneygram International about employing Plaintiff. [*Id.* at 4]. These allegations are insufficient to demonstrate that Robert Half unlawfully discriminated against Plaintiff.

Furthermore, while the Tenth Circuit has not yet squarely addressed the role of an employment placement agency in Title VII litigation, courts in this and other circuits have concluded that such agencies are not liable for ensuing adverse employment action taken by the employer once the agency places the individual with the employer. *See Freeman v. Kansas*, 128 F. Supp. 2d 1311, 1316 (D. Kan. 2001) (citing *Reynolds v. CSX Transp., Inc.,* 115 F.3d 860, 869 n.12 (11th Cir. 1997) (holding that temporary employment agency's client qualified as employer of the worker assigned to it for purposes of a Title VII retaliation claim)). *See also Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 611 F. Supp. 344, 348–49 (S.D.N.Y. 1984) (finding

temporary employment agency's client was liable under Title VII because the client exercised sufficient control over the means and manner of the worker's performance); *McQueen v. Wells Fargo Home Mortgage*, 955 F. Supp. 2d 1256, 1271-72 (N.D. Ala. 2013) (granting temporary placement agency's motion to dismiss in Title VII action after determining that employer, not agency, made decision to terminate plaintiff).

To the extent Mr. Muragara asserts a retaliation claim against Defendant, he must show: (1) he engaged in protected activity; (2) Robert Half took action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action. *Carney v. City and County of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) (quoting *Metzler v. Fed. Home Loan Bank of Topeka,* 464 F.3d 1164, 1171 (10th Cir. 2006) (footnote omitted)).  "The first prerequisite of any retaliation claim is the plaintiff-employee's *protected opposition to unlawful discrimination,* prompting the employer's retaliatory conduct."  *Curry v. Mazzio's Corp.*, 72 Fed. App'x. 759, 762 (10th Cir. 2003) (emphasis in original) (citing *Hysten v. Burlington N. & Santa Fe Ry. Co.,* 296 F.3d 1177, 1183 (10th Cir. 2002))

First, the only protected activity Plaintiff alleges dates to his 2001 lawsuit against Moneygram International on the basis of discrimination. *See* [#1 at 8].  There is no assertion that Plaintiff engaged in protected activity with respect to Robert Half, or that Defendant even knew of the previous protected activity.  Second, as Robert Half correctly notes, the Complaint states no allegation that Defendant terminated Plaintiff, or otherwise took any adverse employment action against him.  Causation is lacking where Plaintiff has not shown that the party who took adverse action against him knew of his protected activity. *See Williams v. Rice,* 983 F.2d 177, 181 (10th Cir. 1993).

Therefore, I respectfully recommend that Defendant's Motion to Dismiss as to the discrimination and retaliation claims be granted, because Mr. Muragara admits that such claims are not, in fact, asserted against Robert Half, and because Mr. Muragara has failed to state a cognizable claim for discrimination or retaliation under Title VII.

## II.     State Law Claims

While the court may exercise supplemental jurisdiction over state law claims in any case in which it exercises original jurisdiction, but "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir.2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)). Given the fact that Mr. Muragara clarified at the hearing that he did not intend to assert any Title VII claims against Robert Half, and my findings that as pled, the Complaint fails to include sufficient facts to sustain cognizable claims for Title VII violation or any other violation of federal question, I respectfully recommend that this court decline to exercise jurisdiction over Plaintiff's remaining state law claims.[4]

## CONCLUSION

For the foregoing reasons, this court RECOMMENDS that the Motion to Dismiss [#11] be GRANTED.[5]

---

[4] This court notes that Plaintiff seeks monetary relief in his Complaint in excess of $85,000, and clarifies in his Response that he is entitled to $280,000, [#13 at 6]. Mr. Muragara does not, however, identify any other basis for federal court jurisdiction.

[5] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and

DATED: September 16, 2015                    BY THE COURT:

                                                    s/Nina Y. Wang_____
                                                    United States Magistrate Judge

---

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).