IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00932-RBJ

JECKONIAS N. MURAGARA,

    Plaintiff,

v.

ACCOUNTEMPS, A Robert Half Company,

    Defendant.

---

ORDER

---

This matter is before the Court on the defendant's motion to dismiss [ECF No. 11] and the recommendation [ECF No. 29] of Magistrate Judge Nina Y. Wang that the motion be granted. The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Robert Half International Inc. argues that plaintiff Jeckonias Muragara erroneously sued it as "Accountemps." ECF No. 11 at 1. Accountemps is a division of Robert Half, but it is not a separate legal entity. *Id.* at 1 n.1. Accordingly, the Court will refer to the defendant as "Robert Half."

Robert Half is a "staffing placement agency." ECF No. 11 at 1. Its clients are various employers, and it places temporary or full-time employees with those employers. *Id.* MoneyGram is one of Robert Half's clients. *Id.* Robert Half offered Mr. Muragara a short-term contract of employment as a "Compliance Agent" with MoneyGram. ECF No. 1 at 8. Mr.

Muragara started "working and training for the [MoneyGram] job on or about June 16, 2014." *Id.* About a week later, MoneyGram discharged him. *Id.* As Judge Wang notes, Mr. Muragara has not named MoneyGram as a defendant in this action.

On May 1, 2015, Mr. Muragara filed this complaint asserting a claim for (1) discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); (2) breach of contract; and (3) quantum meruit.[1] ECF No. 1. On August 12, 2015, Judge Wang presided over a status conference where Mr. Muragara stated that "he is only proceeding on breach of contract claims related to Accountemps and not Title VII claims." ECF No. 23 at 2. He also clarified that while he listed MoneyGram on the summons, he did not serve that company, and that the "the Title VII claims are directed at MoneyGram." *Id. See also* ECF No. 1.

Judge Wang issued her recommendation on September 16, 2015. ECF No. 29. The recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the recommendation. *Id.* at 8–9 n.5. Despite this advisement, Mr. Muragara did not file his objections until October 18, 2015. ECF No. 30. He offered no explanation for the delay.

Furthermore, Rule 72 requires objections to be specific. Fed. R. Civ. P. 72(b). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *United States v. One Parcel of Real Prop.,* 73 F.3d 1057, 1060 (10th Cir. 1996). Mr. Muragara's

---

[1] On the same day, Mr. Muragara filed another complaint for job discrimination with "Moneygram Payment System International" as the only defendant. *See Muragara v. Moneygram Payment System Int'l,* Civil Action No. 15-cv-00939-MEH.

objections reflect his dissatisfaction with and confusion about the judicial process. He argues that (1) the clerk's office made a mistake in filing his case as a Title VII claim; (2) he should be permitted to amend his complaint as he was "forbidden by Magistrate Judge Wang" to file an amended complaint,[2] and (3) Judge Wang "disobeyed" and failed to execute this Court's order of reference [ECF No. 26]. ECF No. 30 at 1–2. While the Court recognizes that this process can be confusing, Mr. Muragara's objections lack specificity as they do not address particular errors in Judge Wang's factual findings or legal analysis.

As Mr. Muragara did not object to Judge Wang's recommendation in a timely and specific manner, the Court has great discretion in determining what level of scrutiny to use in reviewing the recommendation. *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."). He is not entitled to a de novo review. However, Mr. Muragara is proceeding *pro se*, and the Court liberally construes a *pro se* plaintiff's filings. *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007).

The Court has carefully reviewed the pleadings, including Mr. Muragara's Complaint, his response to the motion to dismiss, his sur-reply to defendant's reply brief, and his untimely objection to Judge Wang's report and recommendation. The Court agrees with Judge Wang's thorough and accurate analysis. Mr. Muragara made it clear that he was not proceeding on the Title VII claims against Robert Half. Despite this clarification, Judge Wang provided a comprehensive examination of why Mr. Muragara's pleadings fail to state a "cognizable claim

---

[2] Mr. Muragara did eventually file an "Amended Complaint" on November 11, 2015. ECF No. 34. This Court struck that filing [*See* ECF No. 35] because Mr. Muragara did not have the opposing party's written consent or the court's leave, one of which is required to amend the complaint at that stage. *See* Fed. R. Civ. P. 15(a)(2) and Local Rule 7.1A.

for discrimination or retaliation under Title VII" against Robert Half. ECF No. 29 at 8. I agree with Judge Wang's treatment of the Title VII claims.

Additionally, federal district courts have supplemental jurisdiction over a plaintiff's state law claims that arise out of the same transaction or occurrence as a federal claim. 28 U.S.C. § 1367(a). However, as Judge Wang correctly notes, a district court may refuse to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998). Mr. Muragara's breach of contract and quantum meruit claims are firmly rooted in state law. He does not assert another basis for federal jurisdiction. Therefore, because I am dismissing the federal question claim, I will not exercise supplemental jurisdiction over these remaining state law claims.

## ORDER

Magistrate Judge Wang's recommendation [ECF No. 29] is ADOPTED. Defendant's motion to dismiss [ECF No. 11] is GRANTED. Judgment will enter in favor of the defendant, Accountemps, a Robert Half Company. Judgment will enter against the plaintiff, Mr. Jeckonias N. Muragara. As the prevailing party the defendant is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 8th day of December, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

5